# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**August 6, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**TAMARA C. THOMPSON,**
**Defendant Below, Petitioner**

**v.) No. 25-ICA-364**        (Cir. Ct. of Jefferson Cnty. Case No. CC-19-2023-C-AP-5)

**CLAYTON H. THOMPSON,**
**Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioner Tamara C. Thompson appeals from the July 17, 2025, final order of the Circuit Court of Jefferson County, denying her civil appeal from the Magistrate Court of Jefferson County. Respondent Clayton H. Thompson did not participate in this appeal.[1]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

From the outset, we note that the record on appeal is sparse, which limits this Court's ability to recite the facts in detail. As such, our limited restatement of the facts is gleaned primarily from the order on appeal. The crux of the underlying litigation concerns petitioner's appeal of a magistrate court order entered on October 13, 2023, awarding respondent possession of certain real property and the residence situated thereon in an unlawful detainer action. As a result of the judgment, petitioner was required to vacate the property.

The circuit court held a bench trial de novo on January 23, 2024.[2] The court heard the parties' evidence and arguments before upholding the magistrate court's decision and

---

[1] Petitioner is self-represented.

[2] At the beginning of the trial, the circuit court addressed two motions filed by petitioner: first, the court denied her motion for a jury trial because one was not held in magistrate court; second, the court deferred ruling on her motion for a stay of the magistrate court judgment, noting that because the court was unaware of the motion until January 17, 2024, it was withholding ruling until after the trial. Neither of these issues were identified as alleged errors by petitioner's assignments of error on appeal.

1

ruling in favor of respondent. Neither the magistrate court records, nor the transcript of circuit court bench trial are in the record before this Court.

The circuit court memorialized its ruling in a final order dated July 17, 2025. In that order, the court relied on several factual determinations regarding the recorded chain of title for the subject property. The court found, for example, that petitioner was previously married to respondent's son, Brian, and that petitioner, her then-husband Brian, respondent, and respondent's wife, Pamela, jointly owned the property as joint tenants with rights of survivorship. When Pamela died in 2008, her interest vested in the three remaining joint tenants. Petitioner and Brian later divorced in December 2020, and, pursuant to their divorce order and marital settlement agreement, petitioner executed a quitclaim deed in October 2020 transferring her interest in the property to respondent and Brian. She then executed a corrected quitclaim deed in November 2020 to fix a misspelling in the earlier deed. When Brian died in 2022, his interest vested in respondent, giving him full ownership of the property.

Before the court entered the final order, petitioner filed a motion on July 14, 2025, preemptively seeking relief under Rule 60 of the West Virginia Rules of Civil Procedure. The court denied the motion without prejudice by separate order entered July 17, 2025, finding that it was moot because it predated entry of the final order. Petitioner did not refile her motion.[3] This appeal followed.

As a preliminary matter, we note that, during the pendency of the appeal, petitioner filed three motions with this Court. In those motions, she sought orders granting her summary judgment and default judgment, as well as leave to submit new evidence for the Court to consider as part of her appeal. The Court denied each of petitioner's requests by order entered January 5, 2026. We now turn to petitioner's appeal.

In this appeal, we apply the following standard of review:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

---

[3] Petitioner does not challenge the court's denial of her Rule 60 motion on appeal. She did not attach the order denying that motion to her notice of appeal, nor did she otherwise identify that ruling as a post-trial matter she intended to challenge on appeal. Further, none of her assignments of error expressly reference or contest that ruling. Nevertheless, even if she had raised the issue, our analysis herein would foreclose relief.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner sets forth several assignments of error, which largely challenge the validity of the quitclaim deeds and marital settlement agreement on the bases of fraud and newly discovered evidence.[4][5] However, our review is hampered by petitioner's failure to include within the appendix relevant documentation from the proceedings below. Rule 7(d) of the West Virginia Rules of Appellate Procedure requires that a petitioner "shall prepare and file an appendix containing," among other items, "the judgment or order appealed from, and all other orders applicable to the assignments of error on appeal," "material excerpts from official transcripts of testimony or from documents in connection with a motion," and "other parts of the record necessary for consideration of the appeal." (citation modified).

This requirement is expounded upon in Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which requires that "the argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal." (citation modified). This rule further provides that this Court "may disregard errors that are not adequately supported by specific references to the record on appeal." *Id.* Moreover, the appellate rules apply equally to both represented and self-represented parties. *See State v. Gibson*, No. 23-556, 2025 WL 3287585, at *2 (W. Va. Nov. 25, 2025) (memorandum decision) (reiterating that self-represented petitioners must comply with Rule 10(c)(7)).

---

[4] Petitioner's arguments are interrelated. She contends that her signature on the quitclaim deed is a forgery and that she entered into the marital settlement agreement as a result of undue influence. She bases these claims on purported newly discovered evidence that, according to her, shows she suffered head trauma in 2018, placing her under a disability and rendering her incapable of executing the documents. She further asserts that a third party stole and used her expired driver's license to pose as her and fraudulently execute the quitclaim deeds. For the reasons set forth herein, however, we decline to consider these contentions.

[5] She also contends that the circuit court lacked jurisdiction over the proceeding because the home on the property should have been subject to Chapter 7 bankruptcy protection. However, petitioner failed to argue this assignment of error on appeal; and therefore, we deem the issue waived. *See* Syl. Pt. 6, *Addair v. Bryant*, 168 W. Va. 306, 284 S.E.2d 374 (1981) ("Assignments of error that are not argued in the briefs on appeal may be deemed by this Court to be waived."); W. Va. R. App. P. 10(c) (stating this Court may disregard errors not adequately supported by specific references to the appellate record); *Paxton v. W. Va. Dep't of Homeland Sec.*, No. 22-ICA-117, 2023 WL 4027506, at *4 n.8 (W. Va. Ct. App. June 15, 2023) (memorandum decision) (finding that petitioner waived assignments of error not argued on appeal).

It is well established that on appeal, error is never presumed, and a petitioner carries the burden of affirmatively establishing the error upon which they complain through the record. *See* Syl. Pt. 5, *Morgan v. Price*, 151 W. Va. 158, 150 S.E.2d 897 (1966). Further, an appellate court "will not consider an error which is not properly preserved in the record nor apparent on the face of the record." Syl. Pt. 4, *State v. Browning*, 199 W. Va. 417, 485 S.E.2d 1 (1997).

Here, petitioner failed to include relevant documents from the circuit court proceeding, failed to adequately brief her assignments of error, and failed to cite to the record to show how and when the issues raised in those assignments were presented to the circuit court. She also included newly discovered evidence that was not part of the record below and that this Court later refused to consider. However, our review is most hindered by petitioner's failure to include a transcript of the circuit court proceedings in her appendix. A transcript is not only integral to this Court's review of the proceedings below; it is also a necessary component of the appendix to establish the evidence considered by the circuit court, as well as any arguments or objections asserted by petitioner. Without a proper appendix, we cannot adequately consider such arguments. Based on the limited record before us, we find that petitioner has failed to provide this Court with a record affirmatively showing error below. *See Smith v. Ball*, No. 24-ICA-26, 2024 WL 5003294, at *4 (W. Va. Ct. App. Dec. 6, 2024) (memorandum decision) (citation modified) ("Indeed, courts should strive to ensure that the diligent self-represented party does not forfeit any substantial rights by inadvertent omission or mistake. However, ultimately, the self-represented litigant must bear the responsibility and accept the consequences of any mistakes and errors."); *Haske v. Judge*, No. 23-ICA-50, 2024 WL 794601, at *3 (W. Va. Ct. App. Feb. 27, 2024) (memorandum decision) (affirming circuit court's order and finding self-represented petitioner failed to preserve objections below for appellate review).

We conclude that petitioner has not established any basis for relief. Therefore, we find no abuse of discretion or clear error in the circuit court's ruling.

Accordingly, we affirm.

Affirmed.

**ISSUED:** August 6, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

4